**Louis J. HOLLENBACH, III, County Judge of Jefferson County, Appellant,**

**v.**

**Robert C. CARTER et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 30, 1974.

J. Bruce Miller, Jefferson Co. Atty., Boyce F. Martin, Jr., Louisville, for appellant.

Robert C. Carter, Louisville, for appellees.

VANCE, Commissioner.

This is an appeal from a judgment which directed the county judge of Jefferson County to enter an order upon his Order Book calling an election to determine

whether the voters of Jefferson County preferred to retain the present form of county government, i. e., a fiscal court composed of the county judge and three commissioners, or return to the prior form of county government, i. e., a fiscal court composed of the county judge and the justices of the peace of the county.

■ Pursuant to KRS 67.050(3), a petition was filed demanding such an election. The county judge declined to call the election upon the advice of the county attorney. The appellees instituted this action to compel the county judge to comply with the statute. The matter was submitted for judgment under agreement that the only issue involved was the constitutionality of KRS 67.050.

Appellant's argument is premised upon the fact that prior to the adoption of the present commissioner form of government the Jefferson Fiscal Court was composed of the county judge and eight justices of the peace. Since that time the general assembly has amended the statutes so as to provide for only three justice of the peace districts in Jefferson County. Appellant contends that it is now impossible to return to the prior form of government consisting of a county judge and eight justices of the peace.

The appellant is mistaken in his view of what constitutes the form of county government. The two forms of county government authorized by statute are: (1) A fiscal court composed of the county judge and three commissioners and (2) a fiscal court composed of the county judge and the justices of the peace. The general assembly may change from time to time the number of the justices of the peace but the change in the number does not constitute a change in the form of government. Thus Jefferson County can, if the voters so determine, return to its prior form of county government with a fiscal court composed of the county judge and the justices of the peace. It is immaterial that upon the return to that form of government there will be only three justices of the peace under the present statute whereas under the prior statutes there were eight justices of the peace.

We find no constitutional infirmity in KRS 67.050 as to matters presented upon this appeal.

■ Rule 1.185 of the Rules of the Court of Appeals provides that appeals involving public questions may be advanced upon the docket of this court upon motion. Cases involving election contests and other public issues are routinely advanced when called to the attention of this court by motion so that the matters at issue may be resolved expeditiously.

In this case no motion to advance was made. The case was assigned to the court for consideration in regular order on October 7, 1974.

All briefs were filed and the case could have been assigned as early as March 3, 1972, if a motion to advance had been made. Without alerting the court to the fact that a question of public interest was involved, the parties have been content to sit by and allow the General Elections of 1972 and 1973 to pass by and the General Election of 1974 to approach so close as to make it practically impossible to place the issue on the ballot in that election. In the meantime those who signed the petition may have died or moved away or it may no longer be their desire that such a referendum be conducted.

In these circumstances, and especially in view of the fact that counsel did not seek an early determination of the issue, we are of the opinion that the question should not be placed upon the ballot on this petition. The interested parties may, of course, file a new petition conforming to the requirements of KRS 67.050 if the referendum is still desired.

The judgment is therefore vacated.

All concur.